**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold TASTO, Defendant-Appellant.**

**No. 78–5211**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Theodore J. Sakowitz, Federal Public Defender, Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

▆ The search warrant was not invalid. The government concedes that the affidavit erroneously stated that when three chemicals, constituents in the manufacture of PCP (a controlled substance), were combined with a fourth chemical substance PCP would be produced. An expert testified that six chemicals are required to produce PCP. The appellant has not established that the misstatement by the affiant was either intentional or made with reckless disregard for the truth. *Franks v. Delaware*, —— U.S. ——, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Moreover, even if the erroneous information were deleted there was still probable cause. With respect to relative numbers of total ingredients in PCP and the number of ingredients observed and delivered at the same address, the critical element going into the assay of probable cause would not be whether three of four ingredients were observed, or three of six, but that the ingredients observed delivered were a significant number of the necessary ingredients for the manufacture of PCP.

▆ The affidavit is questioned as misleading for failure to tell more than it told. This argument overlooks that a warrant must be based upon probable cause of criminal activity, proof of actual criminal activity is not required.

▆ The Assistant United States Attorney remarked in oral argument that she did not bring in more than one government agent to testify because she considered it unnecessary. Of course, a prosecutorial statement that additional evidence is available though not produced is usually impermissible. *U. S. v. Morris*, 568 F.2d 396, 401 (CA5, 1978). If the remarks here made were within this principle at all, they were invited by a statement earlier made by de-

fense counsel to the effect that the government only put on one witness and not the many other persons who were present at the events under discussion and that the government could not truthfully put on additional witnesses. This excursion outside the record by defense counsel was met by a reply in kind.

■ We do not need to write on defendant's arguments relating to admission into evidence of coconspirator hearsay statements and the charge to the jury on the conspiracy count, since defendant was convicted on two substantive counts as well and given concurrent sentences.

AFFIRMED.