UNITED STATES of America, Appellee,

v.

Robert Lee HOUSE, Appellant.

No. 79–1001.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1979.

Decided Aug. 31, 1979.

Rehearing and Rehearing En Banc Denied Sept. 24, 1979.

Randall Tigue, Minneapolis, Minn., for appellant.

Ann Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., and Louis Zupancic, Legal Intern, Minneapolis, Minn., on the brief.

Before GIBSON, Chief Judge, and HEANEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert Lee House appeals from a judgment entered in the district court[1] upon a jury verdict finding him guilty of two counts of possession of controlled substances, methamphetamine and cocaine, and two counts of possession with intent to distribute. 21 U.S.C. §§ 841(a)(1), 844. Appellant was sentenced to a total of four years imprisonment, plus a special parole term of three years, and a fine of $3,000. For reversal appellant argues that the trial court erred (1) in refusing to require disclosure by the government of the identity of an informant and (2) in failing to suppress items seized during the execution of two search warrants. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was indicted[2] on August 14, 1978, and charged with four violations of federal narcotics laws: Count I, possession with intent to distribute methamphetamine; Count II, possession with intent to distribute cocaine; Count III, possession of cocaine; and Count IV, possession of methamphetamine. The indictment was based upon evidence seized during the execution of two search warrants issued by state court judges. The lawfulness of the search warrants is the basis of this appeal; appellant has not challenged the sufficiency of the evidence. The first warrant authorized a search of appellant's apartment[3] in Minneapolis on July 28, 1978; the second authorized the search of a green 1970 Cadillac, Minnesota license plate ADB–260, allegedly owned by appellant, on July 29, 1978.

Both search warrants were issued on the basis of applications and affidavits by Minneapolis police officer Ronald A. Johnson. In both applications Officer Johnson relied upon information supplied by an informant. The information in the affidavits for both warrants is substantially the same. Officer Johnson stated that he had received certain information from a reliable informant, "who has proven to be reliable over the past five years by providing . . . information leading to at least five different felony arrests and convictions," and who "within the past seventy-two hours had been in appellant's apartment and] observed a large

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. Appellant's co-defendant Sarah Bennett was convicted of two counts of possession. She is not involved in this appeal. Bennett was also charged with two counts of possession with intent to distribute but those counts were dismissed upon a motion for acquittal.

3. The search warrant also authorized a search of appellant.

quantity of cocaine and amphetimin [sic] in the possession of Robert House who is offering the drugs for sale." The informant had also seen a gram scale in appellant's bedroom. The second affidavit differed in that the informant further stated that House was living with a woman he did not trust and for that reason "would probably take his bag of drugs with him, when he leaves his residence . . .." The second affidavit also included information about items seized during the execution of the search warrant for the apartment, including various drugs, gram scales, and a photograph of a 1970 Cadillac allegedly owned by appellant; information from the informant that appellant owned four cars, including a 1970 Cadillac; that drugs, money and car keys had been seized from appellant; and police observation of the cars.

The execution of the search warrant for the apartment was productive but uneventful. Officer Johnson knocked on the apartment door, was admitted by Ms. Bennett, advised Ms. Bennett of the issuance of the search warrant and showed it to her, and then began a systematic search of the apartment. The search disclosed a Samsonite overnight bag containing drugs and drug paraphernalia, a black leather jacket also containing drugs, a gram scale, a gun and a "cutting" mirror (Counts I and II). Appellant arrived at the apartment less than an hour after the search began, was placed under arrest and read the "Miranda" warnings, and was searched. The police found $3,108 in appellant's wallet, car keys and a small bottle of cocaine concealed in appellant's sock (Count III). The police then sought the second search warrant for the 1970 green Cadillac allegedly owned by appellant. The search of the 1970 Cadillac revealed ownership papers in the name of Robert House in the glove compartment and several grams of methamphetamine in a tape cassette case (Count IV). The third occupant of the apartment, Michael Fritz,[4] also arrived at the apartment after the search was in progress; Fritz was placed under arrest and searched. Police officers seized two marijuana cigarettes and approximately $350 from Fritz.

Appellant first argues that the trial court erred in refusing to require disclosure by the government of the identity of the informant. Appellant argues that disclosure of the identity of the informant should have been required because a genuine question of fact had been raised: whether Officer Johnson intentionally or recklessly misrepresented the informant's existence or knowledge in the affidavits for the search warrants. As the basis for appellant's challenge of the affidavits, see *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), appellant stresses that every person who was present in the apartment within seventy-two hours of July 28, 1978, signed an affidavit under oath denying having provided Officer Johnson with any information. Thus, appellant argues, this intentional or reckless misrepresentation of the existence of an informant justifies the suppression of any evidence seized under the authority of the search warrant.

■ We note initially that the Supreme Court in *Franks v. Delaware* reserved the question whether a reviewing court must ever require the disclosure of the identity of an informant once a substantial preliminary showing of falsity has been made. 438 U.S. at 170, 98 S.Ct. 2674; *but see United States v. Hurse*, 453 F.2d 128, 130–31 (8th Cir. 1971), *on remand*, 477 F.2d 31 (per curiam), *cert. denied*, 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973); *United States v. Swanson*, 399 F.Supp. 441 (D.Nev.1975); *United States v. Danesi*, 342 F.Supp. 889 (D.Conn. 1972); *State v. Luciow*, 308 Minn. 6, 240 N.W.2d 833 (1976) (en banc). The Supreme Court in *Franks v. Delaware* permitted defendants to challenge the veracity of the warrant affidavit, in effect, to "go behind" the affidavit, and held that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

---

**4.** Fritz was not a co-defendant in this case.

affidavit, and if the allegedly false statement is necessary to the finding of probable cause, then the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. at 155, 98 S.Ct. at 2676–2677. The search warrant is invalid and the fruits of the search excluded only if the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence and, with the affidavit's false material set to one side, the affidavit's remaining material is insufficient to establish probable cause.[5] *Id.* at 156, 98 S.Ct. 2674; cf. *United States v. Hole,* 564 F.2d 298, 301 (9th Cir. 1977) (intentional government misrepresentation in warrant affidavit will invalidate warrant whether material or not; reckless misrepresentation, if immaterial, will not); *United States v. Lee,* 540 F.2d 1205, 1208–09 (4th Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976) (discussion of relative merits of positions adopted by various circuits); *United States v. Rosenbarger,* 536 F.2d 715, 720 (6th Cir. 1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); *United States v. Belculfine,* 508 F.2d 58, 61–62 (1st Cir. 1974) (dicta); *United States v. Marihart,* 492 F.2d 897, 899–900 (8th Cir.), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974); *United States v. Carmichael,* 489 F.2d 983, 987–90 (7th Cir. 1973) (en banc) (leading case); *United States v. Baynes,* 400 F.Supp. 285, 296–97 & n.20 (E.D.Pa.1975); but cf. *United States v. Thomas,* 489 F.2d 664, 669 (5th Cir. 1973), *cert. denied,* 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975) (material misrepresentation will invalidate warrant); *United States v. Harwood,* 470 F.2d 322, 325 (10th Cir. 1972); *see also* Kipperman, *Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence,* 84 Harv.L.Rev. 825 (1971).

Assuming for the purpose of discussion that appellant made a substantial preliminary showing of intentional falsity or reckless disregard for the truth which was necessary to the finding of probable cause by offering the affidavits of the visitors to the apartment, we conclude that appellant failed to establish his allegation of perjury or reckless disregard by a preponderance of the evidence. At the hearing before the magistrate judge [6] on the motions for disclosure and suppression of evidence, appellant offered the seventeen affidavits. The government produced the affiant, Officer Johnson, who testified about his conversation with the informant, applying for the search warrants and the execution of the warrants, and Minneapolis police officer Ralph Hitchens, who testified that he had seen and overheard Officer Johnson talking with the informant about the House information after the execution of the search warrants. The magistrate interpreted appellant to be challenging primarily the existence of the informant rather than his identity per se. The magistrate denied the motion for disclosure and the motion to suppress in part.[7] The trial court affirmed the magistrate's order in all respects. *United States v. House,* Crim. No. 4–78–83 (D.Minn. Sept. 29, 1978). We note in particular that the memorandum of the trial court indicated that the trial court had independently examined the sealed and filed statement of the informant, in which the name of the informant was blackened out, made after the execution of the search war-

---

**5.** In our opinion, the *Franks* test is more demanding than appellant realizes. It requires a substantial preliminary showing on the part of the defendant, including specific allegations of deliberate falsehood or reckless disregard, plus an offer of proof, and the challenged material must be necessary to the finding of probable cause in order to merit a hearing. *E. g., United States v. Young Buffalo,* 591 F.2d 506, 509 (9th Cir. 1979); *United States v. Tasto,* 586 F.2d 1068, 1069 (5th Cir. 1978) (per curiam), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 484 (1979); *compare United States v. Carmi-*

*chael,* 489 F.2d 983, 987–90 (7th Cir. 1973) (en banc) (intentional misrepresentation will invalidate warrant whether material or not); *United States v. Thomas,* 489 F.2d 664, 669 (5th Cir. 1973), *cert. denied,* 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975) (material misrepresentations will invalidate warrant).

**6.** The Honorable J. Earl Cudd, United States Magistrate.

**7.** The magistrate ordered a coin collection seized during the apartment search suppressed.

rants. We have examined the statement[8] and are satisfied, as was the trial court, as to the existence of the informant.

 In the alternative, appellant argues that disclosure of the identity of the informant was required because the informant was a material defense witness. *See Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *cf. McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (no disclosure of informant at pre-trial suppression hearing on issue of probable cause for warrantless public arrest). There is no set rule on the disclosure of the identity of informants; the answer necessarily depends upon the facts and circumstances of each case. *United States v. Barnes, supra*, 486 F.2d at 778, *citing Roviaro v. United States, supra*, 353 U.S. at 62, 77 S.Ct. 623. Factors to be considered include the crime or crimes charged, possible defenses, and the possible significance or materiality of the informant's testimony. *Id.* Appellant argues that the informant must have been familiar with appellant's habits in view of the information given to the police and therefore would have been able to provide exculpatory evidence, that is, that the drugs found in the apartment when appellant was not present must have belonged to someone other than appellant. Appellant bases this argument upon the informant's statement in the affidavit for the second search warrant that appellant would probably carry his drugs around with him because he did not trust the woman he was living with.

 In our opinion, the informant in the present case was a mere "tipster." "In cases involving the 'tipster' type of informant, who merely conveys information to the government but neither witnesses nor participates in the offense, courts generally hold that disclosure is not material and therefore not required." *United States v.*

*Barnes, supra,* 486 F.2d at 778 n.3 (citations omitted). Here, the informant simply provided the police with information about the drugs in appellant's apartment and that appellant was "offering the drugs for sale." The informant was not a witness to any drug transaction (at least for the purposes of this case) and did not participate in any drug transaction. Further, we note that appellant was not charged with selling drugs but with possession and possession with intent to distribute. These counts were based upon the seizure of substantial quantities of drugs from an overnight bag and leather jacket, both alleged to belong to appellant and found in the closet of a bedroom shared by appellant and Ms. Bennett, and drugs found on appellant's person and in appellant's car. In light of these circumstances, we do not believe the trial court erred in refusing to compel disclosure of the identity of the informant as a material defense witness.

 Appellant further argues that the trial court's review of the informant's statement was inadequate, especially because the name of the informant had been deleted. Appellant argues that an *in camera* disclosure of the identity of the informant and an *in camera* examination of the informant, under appropriate safeguards, were necessary. *See, e. g., United States v. Weir,* 575 F.2d 668 (8th Cir. 1978) (trial judge personally reviewed government file on informant and personally telephoned informant); *accord, United States v. Doe,* 525 F.2d 878 (5th Cir. 1976) (trial judge interviewed informant in chambers); *United States v. Rawlinson,* 487 F.2d 5 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974) (personal interview by trial judge). We disagree. As regards appellant's challenge of the veracity of the affidavit, the trial court had only to determine whether there was an informant; the identity of the informant was irrelevant. Similarly, in view of our char-

---

**8.** The statement disclosed that the informant was one of individuals who signed an affidavit denying having supplied the police with information about appellant, that he/she had signed the affidavit in the presence of appellant and the defense attorney, and that he/she feared for his/her physical safety if this cooperation with the police should be revealed. Such a fact situation is not uncommon.

acterization of the informant as a "tipster," the trial court did not need to require disclosure of the identity of the informant, e. g. *United States v. Alvarez,* 472 F.2d 111 (9th Cir.), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973), or personally interview the informant.

Next, appellant argues that the trial court erred in failing to suppress the items seized during the execution of the two search warrants. Appellant argues again that the apartment search warrant affidavit contained an intentional or reckless misrepresentation about the existence of an informant. This question was discussed above and resolved against appellant. Appellant further argues that the apartment search warrant affidavit contained another intentional or reckless misrepresentation. Appellant stresses that certain information, which appellant argues was crucial to the establishment of probable cause, was omitted from the *first* affidavit in support of the apartment search warrant but included in the *second* affidavit in support of the automobile search warrant. This information was that appellant did not trust the woman he was living with and would probably take his drugs with him when he left the apartment. Appellant argues that the omission of this information from the apartment search warrant affidavit was material because, according to this information, if appellant was not in the apartment, there was no probable cause to believe that drugs would be found in the apartment. Appellant further argues that the automobile search warrant affidavit included references to car keys and a photograph seized during the search of the apartment and therefore all evidence seized pursuant to the automobile search warrant should be suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

We disagree. First, there is nothing in the record to support appellant's allegation of deliberate or reckless misrepresentation other than the fact that this information was omitted from the apartment warrant affidavit but included in the automobile warrant affidavit. Second, even assuming for the purposes of discussion that the omission was deliberate or made with reckless disregard for the truth, the omitted information was certainly not necessary to the finding of probable cause.[9] The apartment warrant affidavit, when read in a realistic and commonsense manner, e. g., *United States v. Maestas,* 546 F.2d 1177, 1180 (5th Cir. 1977), and with a preference toward the warrant process, e. g., *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), established the requisite " '*probability* of criminal activity and secreting of *evidence on specific* premises . . . .' " *United States v. Jones,* 545 F.2d 1112, 1114 (8th Cir. 1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 798 (1977), *citing United States v. Smith,* 462 F.2d 456, 460 (8th Cir. 1972) (emphasis in original); *see, e. g., Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The affidavit stated that the information was from a reliable informant, that the informant had personally observed specific drugs and a scale, that the informant had made this observation recently (within the past seventy-two hours), and included a detailed description of the location of the premises and the occupants. Finally, the informant's statement was that appellant would *probably* carry his drugs about with him. In our opinion, appellant has accorded this statement more precision and certainty than it merits.

Appellant next argues that the apartment search warrant affidavit failed to establish probable cause because it contained insufficient assertions of the reliability of the informant. Appellant specifically points to the lack of any assertion as to the informant's familiarity with drug cases or drugs as well as any basis for the infor-

---

9. Usually information is misrepresented rather than omitted. However, the same analysis is applicable. *See United States v. Collins,* 549 F.2d 557, 561 (8th Cir.), *cert. denied,* 431 U.S. 940, 97 S.Ct. 2656, 53 L.Ed.2d 259 (1977); *United States v. Lewis,* 425 F.Supp. 1166, 1173 (D.Conn.1977); *Morris v. Superior Court,* 57 Cal.App.3d 521, 129 Cal.Rptr. 238 (1976).

mant's knowledge that appellant was selling drugs. We distinguish appellant's citation of *State v. Rosenthal,* Minn., 269 N.W.2d 40 (1978) (per curiam). In *Rosenthal* the affidavit was more conclusory than the affidavit at issue in the present case and failed to include any underlying circumstances indicating either the basis of the informant's knowledge or reliability. *Id.* at 41, *citing Spinelli v. United States, supra,* 393 U.S. at 416, 89 S.Ct. 584, *and Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Here, the affidavit stated that the confidential informant had proven to be reliable over a period of five years by providing the affiant with information which had resulted in at least five felony arrests and convictions, that the informant had been in appellant's apartment within the past seventy-two hours, that the informant had personally observed a large quantity of cocaine and "amphetamin" in appellant's possession and a small scale "for weighing drugs" in appellant's bedroom, and that appellant was offering drugs for sale.

Although it is true that the affidavit did not contain information about the subject matter of the convictions which the informant aided, i. e. whether the convictions involved narcotics, or about how the informant identified the drugs, we do not find these omissions to be fatal to the finding of probable cause. *See United States v. Shipstead,* 433 F.2d 368, 372 (9th Cir. 1970). Our review of the adequacy of search warrant affidavits based upon confidential informants' statements about narcotics would no doubt be simplified if such affidavits were more complete and contained specific references to previous *narcotics* investigations or *narcotics* convictions as well as the particular informant's familiarity with various drugs. However, we are mindful of the Supreme Court's admonition in *United States v. Ventresca, supra,* 380 U.S. at 109, 85 S.Ct. at 746, that such an exhaustive recital is not required: "where [the underlying] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not

invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." Although less than comprehensive, we conclude that the informant's information related in the warrant affidavit in the present case was clearly "more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli v. United States, supra,* 393 U.S. at 416, 89 S.Ct. at 589. The information was detailed and based upon recent personal observation by a reliable informant.

Lastly, appellant argues that the seizure of certain items during the execution of both search warrants unlawfully exceeded the scope of the warrants. Appellant challenges the seizure of a black leather jacket, a gun, a coin collection, and a photograph of the 1970 Cadillac from the apartment; keys and a wallet taken from appellant; and car ownership papers taken from the car. The government argues that the jacket, wallet, keys, and car ownership papers were seized to show constructive possession by appellant of drugs or money. Over $3,000 was found in the wallet; drugs were found in the jacket, a locked overnight bag in the bedroom closet, and the car. The government argues that these items constituted "mere evidence" that would aid in a particular apprehension or conviction. *Warden v. Hayden,* 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). We find the government's position to be well taken. Moreover, the car keys and wallet were seized incident to appellant's lawful arrest. *E. g., United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). We note also that the apartment warrant included appellant.

We note that the coin collection was ordered suppressed by the magistrate. In our opinion the gun and the photograph should have been suppressed as well because these items were not within the scope of the search warrant. *E. g., Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927) (practical accuracy stan-

dard); *United States v. Clark,* 531 F.2d 928, 932 (8th Cir. 1976). The search warrant described the items to be seized as controlled substances, weighing and packaging materials, monies, and items of identification to show constructive possession. However, we find that the trial court's failure to suppress these items was in no way prejudicial and constituted harmless error because neither the gun nor the photograph was introduced into evidence. *See, e. g., United States v. Mendoza,* 473 F.2d 692, 697 (5th Cir. 1972).

We note that the photograph [10] of the car was described in the affidavit in support of the automobile warrant and served as an indication of appellant's connection with the car. In our opinion, however, the inclusion of this "tainted" information in the warrant affidavit does not require the suppression of the evidence obtained pursuant to the search of the car because there was sufficient information to establish probable cause in the affidavit without reference to the photograph. *See, e. g., United States v. Grunsfeld,* 558 F.2d 1231, 1240 (6th Cir.), *cert. denied sub nom. Flowers v. United States,* 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977). The affidavit included information from the informant that appellant owned four cars, including a black Cadillac and a green 1970 Cadillac; observation by the affiant of the green Cadillac parked outside the apartment the morning of the apartment search; observation of the green Cadillac parked outside the apartment shortly after appellant arrived at the apartment; car keys seized from appellant which fit the door of the green Cadillac; and the disputed reference to the informant's statement that appellant would probably carry his drugs with

him. The affidavit also stated that although appellant readily consented in writing to a police search of the black Cadillac, appellant, in response to police questioning about the green Cadillac, vaguely indicated that he had sold it to an unidentified person.

Accordingly, the judgment is affirmed.

---

**10.** The government argues the photograph was seized within "plain view" by an officer lawfully in the apartment. *E. g., Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). The plain view exception is inapplicable in this case because, although the initial intrusion was lawful and the discovery inadvertent, the incriminating nature of the object seized was not "immediately apparent." *United States v. Johnson,* 541 F.2d 1311, 1316 (8th Cir. 1976) (per curiam), *citing Coolidge v.*

*New Hampshire,* 403 U.S. 443, 464–73, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Unlike the sawed-off shotgun discovered in *Johnson,* there is nothing particularly incriminating about photographs of cars. We note that the investigation in the present case concerned controlled substances. The incriminating nature of such a photograph would arguably be "apparent" in an investigation involving stolen cars, for example.