PER CURIAM.
Appellant Alvarez seeks reversal of his conviction for robbery, burglary of a dwell *882 ing, and sexual battery, citing improper prosecutorial comment during closing arguments. We find no error and affirm.
The challenged remarks are as follows: On the other hand, if there was evidence in this case of [fingerjprints that would definitely have acquitted and pointed in the direction of somebody else, I would have thought you would have heard something concerning that in this case as well ... If there is any other evidence in this case which might definitely exonerate the defendant and point to somebody else that committed this crime you might expect that you would have heard from them as well.
We conclude that the prosecutor’s comment was an appropriate response to defense counsel’s earlier argument which suggested, without the slightest evidentiary support, that the police had compared the latent fingerprints removed from the knife with those of the defendant, found that they did not match, and kept that evidence from the jury. See, e.g., Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975), appeal dism., 330 So.2d 725 (Fla.1976); Dixon v. State, 206 So.2d 55 (Fla. 4th DCA 1968); United States v. Tasto, 586 F.2d 1068 (5th Cir. 1978), cert. denied, 440 U.S. 928, 99 S.Ct. 1263, 59 L.Ed.2d 484 (1979).
Affirmed.