## GARDNER v. CALDES

### Case No. 84-009-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

July 9, 1984

### APPEARANCES OF COUNSEL

**Philip and Rowena Gardner**, pro se.

**Ronald J. Rothschild** for appellee.

Before LANTZ, KAYE, and SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

Appellants, Plaintiffs below, appeal from a Final Judgment granting, in part, injunctive relief not requested in any pleading.

The general rule is that a judgment based upon a matter entirely outside the pleadings cannot stand. *Cortina v. Cortina*, 98 So.2d 344 (Fla. 1957); *Kornbluh v. Lowenberg*, 401 So.2d 880 (Fla. 3rd DCA, 1981).

Accordingly, those portions of the Final Judgment granting injunc-

tive relief are reversed. In all other respects, the Final Judgment is affirmed.[1]

It is so ordered.

Appellants brought suit against appellee in County Court alleging that appellee illegally took an ivory elephant from appellant's condominium.

This cause proceeded to trial before Judge Gordon. Unfortunately, there is no transcript of these proceedings. On December 13, 1983, Judge Gordon entered final judgment dismissing the cause with prejudice.

Appellants in their brief allege that the trial judge was biased against them and also challenge the use of leading questions by defense counsel. However, since there is no transcript of the proceedings before Judge Gordon, this court cannot reverse the final judgment on these grounds.

It is well established that the findings and judgment of the trial court come to the appellate court with a presumption of correctness and may not be disturbed in the absence of a record demonstrating error. *Wright v. Wright*, 431 So.2d 177, 178 (Fla. 5th DCA 1983)

Also, in this final judgment in paragraphs 2 and 3, Judge Gordon granted the following injunctive relief:

(2) That the plaintiff, Philip Gardner, is directed not to call, contact, or to interfere with the defendant, Freida Caldes, without prior permission of this court.

(3) That the plaintiff, Philip Gardner, is directed to stay away from Lillie Zigman without an appropriate Court or proper jurisdiction, for if Philip Gardner violates this provision, he will be placed in custody of the Dade County Sheriff's Department for a period of time to be determined by this court.

Appellants allege that the trial judge should not have granted the aforementioned injunctive relief since such matters were "not an issue in this cause and which had no testimony during the trial of this cause".

The general rule is that a judgment based upon a matter entirely outside the pleadings cannot stand. *Cortina v. Cortina*, 98 So.2d 344 (Fla. 1957). Once so fixed, issues may be changed only by stipulation of the parties; (2) consent or acquiesce of the parties or (c) by amend-

---

[1] This Court finds appellants' remaining contentions to be without merit due to the absence of a complete record.

ment, express or implied to conform to the evidence. *Provident National Bank v. Thunderbird Associates*, 364 So.2d 790 (Fla. 1st DCA); Fla. Rules of Civ. Pro. 1.190(b).

In determining whether an issue had been tried by implied consent, the appropriate test is whether the party opposing introduction of the issue would be unfairly prejudiced thereby. Under that broad test, an unpleaded issue is considered as having been tried or not tried by implied consent under two inter-related criteria involving (a) whether the opposing party had a fair opportunity to defend against the issue and (b) whether the opposing party could have offered additional evidence on the issue if it had been pleaded. Determining the applicability of the test is ordinarily for the *sound discretion* of the trial court. *Smith v. Mogelvang*, 432 So.2d 119, 122 (Fla. 2d DCA 1983).

This rule, however, provides for the amendment of *existing* pleadings to reflect issues tried by express or implied consent; it does not permit the *creation* of pleadings. *Kornblum v. Lowenberg*, 401 So.2d 881 (Fla. 3rd DCA 1981). At present, appellees have filed no pleadings whatsoever seeking any type of relief. Accordingly, the trial judge erred in granting the injunctive relief referred to in paragraphs 2 and 3 of said Final Judgment. This court should not place the burden on appellants to prove a negative, i.e. lack of consent.

Accordingly, those portions of the final judgment granting injunctive relief are reversed. In all other respects, the final judgment is affirmed.

It is so ordered.