Edward Grady PARTIN, Jr. *v.* STATE of Arkansas

CA CR 87-33                                         737 S.W.2d 461

Court of Appeals of Arkansas
Division I
Opinion delivered October 7, 1987

*Laws, Swain & Murdock, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Edward Grady Partin, Jr., appeals from his conviction of possession of a controlled substance. Introduced into evidence at his trial was a quantity of marijuana seized from his home pursuant to a search warrant. The sole issue on this appeal is whether the trial court erred in not suppressing that evidence. We find no error and affirm.

The search warrant was issued by an authorized magistrate on an affidavit of the sheriff of Van Buren County in which he averred that, in July of 1986, he was engaged in a search, along with other officers in a helicopter, for marijuana being grown in that county. He stated that the aerial search disclosed two patches of marijuana, and, from a description of the area given him by the helicopter officers, he determined that the marijuana was growing on property on which the appellant was residing. He stated that he was also informed that there were clearly defined trails leading from the curtilage of appellant's dwelling to the marijuana fields. He further stated that the search warrant was being sought because, from his experience, he had learned that persons growing marijuana utilized their residences and outbuildings to cure the contraband. He stated that he was familiar with appellant's premises because he had arrested him on previous occasions for similar offenses. The search warrant was issued and, pursuant to it, contraband was discovered in appellant's home.

Although the record discloses no written or verbal motion setting out any grounds for suppression of that evidence, a "suppression hearing" was held. At that hearing, Officer Jerry Snowden testified that he went to the appellant's residence and followed a well-defined trail leading from his house directly to one of the fields where the marijuana had recently been cut. He testified that he found marijuana leaves and other residue of marijuana along the trail for a considerable distance, but that the marijuana leaves and other vegetation did not lead all the way to the appellant's house, stopping "close to the bottom of the hill." The officer stated that there was another dwelling on that trail between appellant's house and the marijuana field and that he had learned that the field was not on appellant's property. Officer Bobby Harkrider testified that he followed another clearly defined trail leading from appellant's house to a second field in which marijuana was being grown. He testified that there was yet another dwelling on that trail between appellant's residence and the marijuana patch. The sheriff testified that, on arriving near the scene, he talked to the officers and, from the information that he received from them, executed the affidavit and obtained the warrant.

At the conclusion of the hearing, the appellant contended

that, as one of the officers had learned that the contraband was not growing on appellant's property, there were other dwellings along the two trails, and there was no information that the residence contained contraband, the warrant was issued without probable cause. On appeal, however, he first contends that the trial court erred in not suppressing the evidence because the affidavit was misleading and obtained by willful and material omissions and statements which created a set of facts the affiant knew to be false or would have known was false except for a reckless disregard for the truth. *United States* v. *Leon*, 468 U.S. 897 (1984); *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985).

In *Leon*, the United States Supreme Court held that the exclusionary rule does not bar the use of evidence obtained by officers acting in good faith and reasonable reliance on a search warrant issued by a neutral magistrate, even though it be subsequently determined that the warrant was not supported by probable cause. The court did recognize that, even though great deference should be given the determination of the magistrate, this deference is not boundless and does not preclude the inquiry into, among certain other things, knowing or reckless falsity contained in an affidavit where the false statements are necessary to the finding of probable cause. *See Franks* v. *Delaware*, 438 U.S. 154 (1978); *Lincoln* v. *State, supra*. The rule in *Franks*, however, requires specific allegations and a preliminary showing of perjury or reckless disregard for the truth, that these allegations be established by a preponderance of the evidence, and that the material remaining after the false information has been removed from the affidavit be insufficient to establish probable cause. Innocent misrepresentations or omissions, even if material, do not vitiate the warrant. *United States* v. *House*, 604 F.2d 1135 (8th Cir. 1979); *United States* v. *Botero*, 589 F.2d 439 (9th Cir. 1978).

Even assuming that the issue was properly raised in the trial court, we find no error. The appellant made no allegation in the trial court that the sheriff perjured himself in the affidavit or showed a reckless disregard for the truth. The sheriff was not questioned as to whether he was informed of the existence of the other dwellings along the trails and, if so, his reason for not mentioning it to the magistrate. There was testimony that the marijuana fields were not on appellant's land, but the sheriff was

not asked how he had determined that it was appellant's property or if, at the time he executed the affidavit, he knew that it was not his property. Neither officer was questioned along these lines. From our examination of the record, we cannot conclude that the trial court erred in denying the appellant's motion to suppress.

■ The appellant next argues that, notwithstanding the omission of material facts, the affidavit still lacked sufficient information to support a finding of probable cause necessary for the issuance of a search warrant. We find no error. Not only does the argument not correspond to any of the situations in which suppression remains an appropriate remedy, see Leon, 468 U.S. at 923, but we find the affidavit to in fact provide sufficient evidence to support a finding of probable cause. The affidavit established that there were two marijuana fields found near the appellant's residence, that there were trails leading from his residence to those fields, that the appellant was seen leaving the area soon after the discovery, and that the marijuana from one of the recently discovered fields had been "pulled" and could not be located. This information, along with the sheriff's statement that, from his experience, individuals who cultivate marijuana often use their residences to "manicure" it into a smoking state, combined in our opinion to provide sufficient information for both the sheriff and the issuing magistrate to reasonably believe that the appellant's residence would contain the missing marijuana.

Affirmed.

MAYFIELD and JENNINGS, JJ., agree.