UNITED STATES of America, Plaintiff,

v.

Joseph P. BALANO, Defendant.

Nos. 92–00023–01–CR–W–6 and 92–00026–04–CR–W–6.

United States District Court, W.D. Missouri, W.D.

April 20, 1992.

Charles Ambrose, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

John R. Cullom, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

SACHS, Chief Judge.

The court is informed of three pending motions that have not been ruled in this case, scheduled for trial next week. Although the Government's briefing time has

not expired in at least one instance, the court is prepared to rule.[1]

Taking the issues in reverse order, we deal first with the motion to suppress evidence of firearms seized pursuant to a warrant that did not specify firearms as items to be seized. The warrant authorized seizure of narcotics and specified drug-related items. Although no narcotics in appreciable amounts were found, there were drug-related items seized, which are not objects of the motion to suppress. Firearms were located and seized under the "plain view" doctrine. Defendant contends they should not have been seized when they were not described, on the theory that the firearms themselves were not contraband or incriminating.

■ The issue would seem to be whether "the incriminating nature of the object was 'immediately apparent.'" *United States v. Johnson*, 541 F.2d 1311, 1316 (8th Cir. 1976). In the *Johnson* case seizure of a shotgun was permitted, as an incident to a lawful "drug bust," but only because "it seemed to be a sawed-off shotgun." Implicit in this ruling is a theory that a lawful-appearing firearm cannot be seized without a warrant, even though in plain view during a lawful search for narcotics. Such a theory is made explicit in *United States v. House*, 604 F.2d 1135, 1142 (8th Cir.1979), where failure to suppress was declared to be harmless error. Under current Eighth Circuit practice, I believe, with the magistrate judge, that the firearms should probably be considered to be incriminating, when narcotics are found pursuant to a warrant or when drug paraphernalia and other clear indications of drug trafficking have been located. Since there is no explicit consideration of this issue in *Johnson* and *House*, it seems probable that, short of an en banc ruling by the Court of Appeals, the firearms in this case need not be suppressed. I will accept what I believe to be current sophistication about the drug traffic and will follow the recommendation of the magistrate judge, but with warning to the prosecution that introduction of the firearms in evidence poses considerable risk under *Johnson* and *House*.[2]

The motion to suppress is therefore DENIED.

■ The next matter, going backwards, is defendant's motion to dismiss, based on a theory that the conspiracy count is defective in describing one conspiracy, when, if proven, there were multiple conspiracies. I agree with the magistrate judge that this is a jury issue rather than a matter of law that can be ruled on the pleading.[3]

The motion to dismiss is therefore DENIED.

■ Finally, defendant seeks review of the detention order entered by the magistrate judge. The imminence of trial makes complete discussion somewhat superfluous. I have reviewed the record, however, and agree with the magistrate judge that Congressional intent very probably favors pretrial detention under the circumstances here.

Defendant is currently indicted on two drug charges, including a conspiracy charge alleging participation in a plan to distribute more than 15 kilograms of cocaine, and has been detained pending trial. A detention hearing was held on January 27, 1992, and a detailed detention order was filed the same day. An appeal to the district court was filed February 5, 1992. The Government responded on February 10, 1992. No further filings have been made, other than the February 19, 1992, indictments.

---

1. The court does not mean to sanction the Government's all-too-frequent failure to respond to briefing, apparently relying on the court to do its work for it. This comment is not directed toward counsel in this case, but applies to many of the Assistant United States Attorneys.

2. The matter could doubtless be tested at the penalty stage of this case, if there is a conviction.

3. Counsel may be interested in at least the following cases: *United States v. Haren*, 952 F.2d 190, 196 (8th Cir.1991); *United States v. Watts*, 950 F.2d 508, 512–3 (8th Cir.1991); *United States v. Roark*, 924 F.2d 1426, 1429–30 (8th Cir.1991); *United States v. Nevils*, 897 F.2d 300, 306–7 (8th Cir.1990). *See also* the attached instruction previously used by the court.

The detention order is based on extensive findings relating to drug dealings and proposed drug dealings in major amounts, which serve as a basis for finding danger to the community and flight risk. The response is brief and conclusory in nature, is unsupported by material offered at the detention hearing, and is largely premised on possible family responsibility for defendant's conduct and whereabouts if released. No attempt is made to refute the detailed findings, either in the initial filing or by reply. The court finds support for the findings in the detention hearing transcript.

The major factor supporting release is a recommendation by Pretrial Services, which is not necessarily based on current legal theories or full understanding of the Government's case. The court recognizes that the evaluation was necessarily hurriedly made, as was the ruling by the magistrate judge.

After review of the transcript and some study of current pretrial detention policies adopted by Congress, as construed by the courts, I will deny the motion for release pending trial.

The principal current authority in this district, relating to detentions pending trial of drug charges, is *United States v. Adipietro*, 773 F.Supp. 1270 (W.D.Mo.1991). Its applicability to the present case need not be elaborated, but I accept the ruling as a significant precedent to be followed, as I accept the findings and conclusions of the magistrate judge. *See also United States v. Bailey*, 750 F.Supp. 413 (W.D.Mo. 1990).

Several observations will be made, supplementing the cited analysis by other judicial officers. The issues of flight risk and danger to the community need to be considered together, as neither is overwhelm-ingly clear in this case. Flight risk is probably more clearly established in the cited cases than in this case. Only a fool would seek to reenter the drug trade pending trial. One could as easily say, however, that only a fool would engage in the conduct with which defendant is charged; therefore the court cannot safely rely on a "reasonable man" standard in assessing future danger.

The court must take into account the Congressional conclusion, whether I agree with it or not, that there is a presumption, in cases like this, that "no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community...." 18 U.S.C. § 3142(e). I agree with Judge Bartlett that the presumption is a rebuttable one that shifts the burden of going forward; I also agree with the case he cites that holds that the presumption created is not a "bursting bubble" presumption, but must continue to be weighed even if there is evidence to the contrary. *United States v. Dominguez*, 783 F.2d 702 (7th Cir.1986). Insofar as Congress has required clear and convincing evidence of community danger (18 U.S.C. § 3142(f)) I believe I must treat the indictment as establishing probable cause, going a long way, together with the presumption, toward satisfying the Government's burden of persuasion. Moreover, it is simply danger or risk that needs appraisal, not even a preponderance of evidence that defendant would, if released, probably reenter the drug trade. The Congressional wording is confusing, but I believe it is the sense of Congress that judges should not subject the community to the risk of release in a case like this.[4]

The motion to vacate the detention order is therefore DENIED. SO ORDERED.

**4.** It is recognized that rulings like this place great power in the hands of the prosecution. The Government can easily put its trust in informant-coconspirators, who avoid imprisonment and often punishment, and remain at liberty without even the restraining factor of a bond, whereas pretrial detention of uncooperating defendants has its adverse influence and is contrary to most of the traditions of American criminal law. The Government apparently has little concern that its informants and cooperating witnesses will "go wrong," yield to temptation, or flee, but asserts, with Congressional support, that major drug case defendants should be held in detention as high risk indictees. This seems to be part of the "war on drugs" and is apparently not subject to successful constitutional challenge.

## APPENDIX

### INSTRUCTION NO. I

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is a single conspiracy organized or led by Terry Kelton. What you must do is determine whether the Kelton conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit. However, if you are satisfied that such a conspiracy existed, you must determine who are members of that conspiracy.

Any defendant in this cause cannot be said to be a member of a conspiracy unless the prosecution proves that things done by him or her and his or her alleged co-conspirators were in furtherance of a general plan of conspiracy. If a defendant committed acts supportive of a conspiracy merely in violation of the law but not in furtherance of a general plan of conspiracy, he or she cannot be convicted of the conspiracy charged in the indictment.

If you find that a particular defendant is a member of another conspiracy, not the one charged in the indictment, then you must acquit that defendant. In other words, to find a defendant guilty; you must find that he or she was a member of the conspiracy charged in the indictment and not some other conspiracy.