72 F.3d 920
 315 U.S.App.D.C. 281
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Henry J. KEENE, Appellant.
 No. 95-3145.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 16, 1995.
 
 Before: BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia, appellant's motion for release pending appeal, which the court construes as an appeal from the district court's order denying appellant's motion for pretrial release, and the response thereto. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED that the motion for release pending appeal be denied. It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the district court's order stated on the record August 16, 1995 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 4
 The Clerk is ordered to withhold issuance of the mandate herein until seven days after disposition of any timely petitions for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 
 5
 The findings of the district court regarding appellant's dangerousness are supported by clear and convincing evidence, and are not clearly erroneous. See United States v. Simpkins, 826 F.2d 94, 97 (D.C.Cir.1987). Appellant has been indicted for offenses that trigger the statutory presumption of dangerousness. See 18 U.S.C. Sec. 3142(e). The evidence against appellant is compelling: appellant was arrested immediately after he allegedly attempted to sell crack cocaine to an undercover police officer. In addition, appellant's lack of employment, limited (one-month) residence in the area prior to his arrest, and history of repeated run-ins with law enforcement authorities in New York are significant. Id. Sec. 3142(g)(3) (court must take into account defendant's history and characteristics, including employment, duration of residence, past conduct, and criminal history).
 
 
 6
 Given the government's showing, the conditions of release offered in the Pretrial Services Report do not mitigate the finding of dangerousness. See, e.g., United States v. Dodge, 846 F.Supp. 181, 185 (D.Conn.1994) (conditions of release recommended in Pretrial Services Report insufficient to allay court's finding of risk of flight); United States v. Balano, 788 F.Supp. 1076 (W.D.Mo.1992) (denying motion for release despite recommendation by Pretrial Services). Counsel's explanations for appellant's troubles with law enforcement authorities also do not overcome the government's showing of dangerousness.
 
 
 7
 Appellant's circumstances differ markedly from those of his co-defendant Greene, particularly in light of Greene's employment with the United States Army, and Army officials' apparent cooperation in monitoring Greene's activities and assuring his appearance in court. These differing circumstances support the district court's assessment that Greene's pretrial release does not pose the same danger to the community that appellant's release would. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir.1991) (affirming pretrial detention even though co-defendants were released pending trial).