## LEDBETTER v. UNITED STATES.
### No. 11786.

United States Court of Appeals
District of Columbia Circuit.
Argued July 8, 1953.
Decided Nov. 20, 1953.
Rehearing Denied Feb. 4, 1954.

Writ of Certiorari Denied
May 24, 1954.

See 74 S.Ct. 789.

Messrs. De Long Harris and Curtis P. Mitchell, Washington, D. C., with whom Messrs. B. Dabney Fox and William B. Harris, Washington, D. C., were on the brief, for appellant.

Mr. William J. Peck, Asst. U. S. Atty., Washington, D. C., at time of argument, with whom Mr. Leo A. Rover, U. S. Atty., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted in 1952, with a number of others, for violation of the lottery laws then in effect.[1] She was convicted of having numbers slips in her possession. Her appeal was consolidated for briefing and argument in this court with the cases of Shaw v. United States and Wiggins v. United States, 93 U.S. App.D.C. ——, 209 F.2d 298 (1953).

Appellant's point is that there was no evidence whatever to indicate that the slips allegedly found in her possession and introduced in evidence were "live" slips, that is, were tickets in an existing lottery. The point is disposed of in Clement v. United States, 93 U.S. App.D.C. ——, 208 F.2d 46 (1953). Upon authority of that case the judgment of the trial court in the present case is

Affirmed.

Circuit Judge PROCTOR died before the decision in this case.

On Petition for Rehearing

Before PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This matter is before us upon a petition for rehearing. The opinion was handed down November 20, 1953. Entry of the judgment and issuance of the mandate were withheld. Appellant now says that the court did not pass upon four material points raised by her on her appeal. Three of these points are lack of probable cause upon which to issue the search warrant, refusal of the trial court

---

1. 31 Stat. 1330 (1901), as amended, D.C.Code § 22–1501 (1951); 52 Stat. 198 (1938), D.C. Code § 22–1502 (1951).

to order that evidence seized under the search warrant be suppressed, and the refusal of the trial court to order a judgment of acquittal. We find no error in these respects.

The fourth point is that the execution of the search warrant was invalid, because no copy of the affidavit upon which the warrant was issued was attached to the copy of the warrant served upon the appellant. The record shows that long affidavits, describing in detail the observation by police officers of the premises sought to be searched, were filed with the United States Commissioner. The Commissioner issued a search warrant addressed to the United States Marshal, reciting that affidavits had been made showing reason to believe that on the premises there were concealed certain lottery tickets, etc., in violation of the law. It further recited that the Commissioner was satisfied that there was probable cause for issuance of the search warrant. The warrant was executed at the apartment of this appellant, and a copy of the warrant was given her.

There is a statute in the District of Columbia [1] which authorizes the issuance of search warrants. That statute provides: "The said warrant shall have annexed to it, or inserted therein, a copy of the affidavit upon which it is issued * * *." Appellant says that, since the copy of the warrant served upon her did not have a copy of the affidavit either attached to it or inserted in it, the service of the warrant was invalid and, therefore, its execution was invalid.

 The warrant in this case was not issued under the District of Columbia statute. It was issued under Rule 41(c) of the Federal Rules of Criminal Procedure. That Rule does not require that a copy of the affidavit be annexed to or inserted in the warrant. It requires that the warrant "shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof." Rule 41(d) requires that "a copy of the

warrant and a receipt" be left with the person from whom property is taken. The provisions of Rule 41 were observed meticulously in the present case. We therefore find that the service and execution of the warrant were valid. The court adheres to its decision that the judgment of the trial court be affirmed. The petition for rehearing is

Denied.