**Sidney Harrison MOORE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Reuben William MOORE, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 24113, 24114.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 8, 1971.

Decided March 16, 1972.

Mr. Glenn A. Mitchell, Washington, D. C., for appellants.

Mr. Gregory C. Brady, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, James E. Sharp and Broughton M. Earnest, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and MacKINNON, Circuit Judges.

LEVENTHAL, Circuit Judge:

This case presents a narrow issue as to the breadth of a search warrant.

Appellants have been charged with unlawful possession of marijuana, see 33 D.C.Code § 402. They moved to suppress items taken from their apartment on the ground that the underlying warrant authorizing the search was invalid. The motion was granted by a judge of the then District of Columbia Court of General Sessions. His order was reversed by the District of Columbia Court of Appeals. Appellants say that the warrant was invalid for overbreadth and insufficient particularity as to the place to be searched. We affirm.

Avoiding discussion of details, we may identify the basic problem: the Narcotics Squad officer sought and received a search warrant for the "Entire Premises, 2d Floor Front of 3417 M Street, N.W.," a description that embraced not only Apartment 7, where appellants lived, but also Apartment 8 for which there was no probable cause. However, the affidavit twice referred to Apartment 7 as the place where the officer believed the illicit marijuana to be located. We apprehend that the difficulty arose from the fact that the officers believed, erroneously, that Apartment 7 was the only apartment in the second floor front of that address.[1]

---

1. Officer Walter G. Milam presented the affidavit, which was prepared for signature by him and Henry J. Daly of the Narcotics Squad and which reads so far as pertinent: "AFFIDAVIT IN SUPPORT OF A DISTRICT OF COLUMBIA COURT OF GENERAL SESSIONS SEARCH WARRANT FOR PREMISES 3417 'M' STREET, N.W., 2ND FLOOR FRONT, WASHINGTON, D.C. PREMISES OCCUPIED BY JOHN DOE RUBEN [sic] W. MOORE AND JANE DOE SIDNEY HARRISON." Their affidavit recites that they had seen the marijuana plants from the front of 3417 "M" Street, N.W., and continued: "A further investigation revealed that the premises in which the plants were growing is "3417 'M' Street N.W., 2nd floor front." Then they alleged "that a check revealed" that the subjects now occupying the premises 3417 "M" Street, N.W., 2nd floor front "are not legally registered for possession of marijuana." The final two paragraphs alleged that they believe that there is illicit marijuana "growing on the premises 3417 'M' Street, N.W., Apartment #7," and that their investigation "revealed that the premises 3417 'M' Street, N.W., Apartment #7" is presently leased to Ruben W. Moore and Sidney Harrison."

The difficulty of the officers apparently derived from the fact that a view from

The District of Columbia Court of Appeals (D.C.C.A.) held that although "the second floor of the premises was divided into two apartments, each fronting on the street," the reference to Apartment 7 in the affidavit provided the requisite specificity. United States v. Moore, 263 A.2d 652 (1970).

The Fourth Amendment to the Constitution provides "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched." Its requirement is specific, and derives from the fierce and implacable resentment against the issuance, in colonial times, of general warrants and "writs of assistance."

■ For purposes of the Fourth Amendment, two or more apartments in the same building stands on the same footing as two or more houses. A single warrant cannot describe an entire building when cause is shown for searching only one apartment. United States v. Hinton, 219 F.2d 324 (7th Cir. 1955).

■ Under the Fourth Amendment a search warrant sufficiently describes the place to be searched if "the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925). The court has sustained a warrant to search premises at a given address, even though there were two apartments at the address, where the warrant itself went on to limit its scope to the "premises occupied by [a named individual] and over which he has possession and control." Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442 (1946). The issue is whether the warrant before us was so limited.

■ There is a fundamental distinction between the warrant and the underlying affidavit, and the affidavit is not necessarily either part of the warrant or available for defining the scope of the warrant. United States v. Kaye, 139 U.S.App.D.C. 214, 432 F.2d 647 (1970); Ledbetter v. United States, 93 U.S.App.D.C. 155, 211 F.2d 628, cert. denied, 347 U.S. 977, 74 S.Ct. 789, 98 L.Ed. 1116 (1954).

However, the warrant may properly be construed with reference to an affidavit for purposes of sustaining the particularity of the premises to be searched, provided (1) the affidavit accompanies the warrant, and in addition (2) the warrant uses "suitable words of reference" which incorporate the affidavit by reference.[2]

■ We are concerned with realities of administration of criminal justice. It is sufficient if the warrant signed by the judicial officer is particular enough if read "with reasonable effort" by the officer executing the warrant. There is no substantial violation of the values of privacy ensured by the Fourth Amendment by the mere fact that the wording of the warrant is broader than the wording of the affidavit, as is frequently the case.[3] Affidavits are typically longer and more detailed than warrants, and it is reasonable to proceed on the basis that any breadth in the language of the warrant describing the premises to be searched reflects its character as a summary of this part of the affidavit, rather than any judicial determination to authorize a search of premises broader than that identified by the affidavit as supported by probable cause.

■ The situation is quite different from that dealt with in Kaye, where we held, see 432 F.2d at 649, that a warrant authorizing the search of one area in a building cannot be "stretched to justify an intrusion" into another area in the building on the basis of language in the

the street would suggest that all the windows of "3417" apartments were accounted for by Apartment 7, and that Apartment 8's windows appear to relate to the adjoining building.

2. United States v. Snow, 9 F.2d 978, 979 (D.Mass.1925); Frey v. State, 3 Md.App. 38, 237 A.2d 774, 780 (1968).

3. Vinto Products Co. v. Goddard, 43 F.2d 399 (D.Minn.1930).

affidavit. Where the wording of the warrant is narrower than the wording of the affidavit, this may reflect a judicial determination to limit the search. At any rate, the officer executing the warrant must act on that assumption and we cannot expect or permit him to determine why or on what basis the language was narrowed when the judicial officer signed the document establishing his authority to intrude on the privacy of homes or other premises.

■ That still leaves us with the question whether in this case the affidavit was not only attached to the warrant but also incorporated therein by reference. The warrant contains no words of incorporation—and this might present a critical deficiency were it not for the mandate of D.C.Code § 23-301, which provided at that time: "The said warrant shall have annexed to it, or inserted therein, a copy of the affidavit upon which it is issued." That established a requirement of law binding on the District of Columbia police officials who sought a warrant on probable cause of a violation of the District of Columbia Code, and on the judges of the statutory District of Columbia courts who issued such warrants.

The requirement that the affidavit be attached to or inserted in the warrant is not a mere formality. It makes the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for this intrusion on his privacy. And it avoids any possible claim or suspicion by the citizen involved that the affidavit later located in the official file was inserted after the fact of the search.

The present case is distinguishable from *Ledbetter, supra.* In *Ledbetter,* although a D.C. prohibitory statute was involved, the officials who signed the affidavit, and issued the warrant, were both federal officials. Accordingly there was a basis for holding, as this court did, that the case was governed by Rule 41 of the Federal Rules of Criminal Procedure, and that District of Columbia Code § 23–301 was not controlling.[4] But just as a state statute prescribing such a requirement for its police and judges as to violations of state law would not be superseded by the Federal Rules, so the warrant involved in the case at bar, obtained by District of Columbia police officials of a District of Columbia judge, was fully subject to the requirement of the District of Columbia Code, § 23–301.

The fact that the affidavit was attached to the warrant that was served on appellants as a matter of legal requirement—and not as a matter of accident or grace—serves as a sound basis for applying the doctrine of incorporation by reference, to establish the particularity of the place that the warrant authorized to be searched.

---

4. In *Ledbetter* a defendant convicted of violating the District of Columbia, lottery law argued that the execution of the search warrant was invalid because no copy of the affidavit was attached to the copy of the warrant served upon defendant. Judge Prettyman's opinion rejected the argument based on D.C.Code § 23-301 and held that the warrant was issued under Rule 41(c) of the Federal Rules of Criminal Procedure, which has no such provision, and requires only that the warrant state the grounds of issuance and the names of the persons whose affidavits have been taken in support of the warrant. The opinion continues (93 U.S.App.D.C. at 156, 211 F.2d at 629):

"Rule 41(d) requires that 'a copy of the warrant and a receipt' be left with the person from whom property is taken. The provisions of Rule 41 were observed meticulously in the present case."

The record discloses that the affidavit was signed by the United States marshal and the warrant was issued by the United States Commissioner of the District Court. At the hearing, the District Judge inquired as to prevailing practice. It developed that a copy of the affidavit was customarily attached when a warrant was served by the police, but not when a warrant was served by the U. S. Marshal, in which event the person on whom the warrant was served would have to go to the Commissioner's files to look at the affidavit. JA 39–40, No. 11,786, Ledbetter v. United States.

The provision specifying that the copy of the affidavit be annexed to or inserted in the warrant was dropped from the statute in a 1970 revision.[5] However, the principle that has been applied in this case, to reject the contention of lack of particularity in the warrant, may still be applicable if an annexation requirement is established by regulation or practice.[6]

Affirmed.

5. The D.C.Code provisions that presently govern warrant procedures, § 23–501 et seq., were revised by the D.C. Court Reform and Criminal Procedure Act, P.L. 91–358 (July 29, 1970).

6. The United States Magistrates for the District of Columbia have, in the interest of justice, developed as a matter of accepted practice the requirement that a copy of the affidavit be annexed to or inserted in the search warrant, to be either delivered to the person on the premises at the time of the search, or left at the premises if unoccupied.