**Francis A. VITELLO**

v.

**Charles GAUGHAN, as he is Superintendent of the Massachusetts Correctional Institution, Bridgewater.**

**Civ. A. No. 75–3077–F.**

United States District Court,
D. Massachusetts.

April 9, 1976.

Francis J. DiMento, DiMento & Sullivan, Boston, Mass., for plaintiffs.

Barbara A. H. Smith, John J. Irwin, Asst. Attys. Gen., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This matter is before the Court on a petition for writ of habeas corpus. Petitioner Francis A. Vitello was convicted of various violations of the gambling laws of the Commonwealth and sentenced to prison. These convictions were upheld by the Supreme Judicial Court, *Commonwealth v. Vi-*

*tello,* 1975 Mass., 327 N.E.2d 819. Vitello bases his present attack upon a narrow aspect of one of the two wiretap warrants used in the prosecution of the case.

■ The facts necessary for a determination of the issue can be briefly stated.[1] On May 10, 1972, a state judge issued a warrant authorizing certain telephone wiretaps for use in the gambling investigation which resulted in petitioner's challenged conviction. The warrant was defective on its face as it did not contain a termination date for the wiretap interceptions as required by 18 U.S.C. § 2518(4)(e) and the Fourth and Fourteenth Amendments. The application for the warrant, however, did include such a termination date. The parties agree that the only issue before the Court is whether the application may be read with the warrant to supply the necessary termination date or whether the warrant must stand alone and thus fail. *See Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967).

■ The thrust of petitioner's argument is that there must be some affirmative reason to permit a reviewing court to rely upon the application to uphold a facially defective warrant. Reference to the application would be permitted, he argues, if there were an ambiguity on the face of the warrant, or if the application were incorporated by reference, or if the application had been physically attached to the warrant. None of these exceptions is available in the instant case; and thus, petitioner contends, the warrant cannot be saved.

Vitello relies upon *United States v. Lamonge,* 458 F.2d 197 (6th Cir.), *cert. denied,* 409 U.S. 863, 93 S.Ct. 153, 34 L.Ed.2d 110 (1972), as support for his position. While *Lamonge* was concerned with a facially invalid warrant, the means the prosecution used in attempting to cure it were quite different from those used in this case. There the prosecutor attempted to amend the warrant by motion at trial. No attempt was made to read the warrant with the application—the procedure advocated here. Apparently petitioner cites *Lamonge* for the proposition that a facially invalid warrant cannot be saved. Plainly, this is not the law, *see, e. g., United States v. Tortorello,* 480 F.2d 764 (2nd Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed.2d 86 (1973) (affidavits specifically incorporated into wiretap orders). The narrow question for this Court is whether there is some factor in this case which would permit the application to be read with the warrant. *Lamonge* does not address this issue.

Another of the cases cited by petitioner, however, is persuasive authority for his position. In *Moore v. United States,* 149 U.S. App.D.C. 150, 461 F.2d 1236 (1972), the court in upholding a warrant, defined those circumstances in which the affidavit is to be read with the warrant:

> There is a fundamental distinction between the warrant and the underlying affidavit, and the affidavit is not necessarily either part of the warrant or available for defining the scope of the warrant.
>
> .    .    .    .    .
>
> However, the warrant may properly be construed with reference to an affidavit for purposes of sustaining the particularity of the premises to be searched, provided (1) the affidavit accompanies the warrant, and in addition (2) the warrant uses "suitable words of reference" which incorporate the affidavit by reference. (Footnote and citations omitted.) *Id.* at 1238

The *Moore* court's formula for determining when the supporting papers can be read with a warrant does not seem to include a situation such as the one in this case where no reference to the application or physical attachment of the application is present. *See, also, United States v. Ortiz,* 311 F.Supp. 880, 883 (D.Colo.1970), *aff'd.* 445 F.2d 1100 (10th Cir.), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971), and

---

1. A more exhaustive statement of the facts may be found in the Supreme Judicial Court opinion, *Commonwealth v. Vitello, supra.*

*United States v. Meeks,* 313 F.2d 464, 466 (6th Cir. 1963).

As petitioner carefully documents in his memorandum the reasoning of the Commonwealth's principal authority, *United States v. Manfredi,* 488 F.2d 588 (2d Cir. 1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974), cannot bear close scrutiny. That case seems to stand for the principal that even in the absence of the special circumstances outlined above an affidavit may nevertheless be read with a warrant to supply the necessary elements. *Manfredi* relied upon *United States v. Tortorello, supra,* as supporting this proposition. *Tortorello,* cannot be extended that far, however, since the warrant in that case specifically incorporated the affidavit. The bald assertion in *Manfredi* that supporting papers may be used to validate a warrant appears to be unsupported in prior case law.[2] Accordingly, I am persuaded that petitioner is entitled to prevail on this issue.

██ The alternative ground advanced by the Commonwealth for upholding the warrant is that the police officer upon whose affidavit the assistant district attorney based his application for the warrant participated in the execution of the warrant. Thus, respondent argues, the information contained in the supporting papers may be imputed to the officer and the missing termination date thereby supplied. The authority for this assertion is *Commonwealth v. Todisco,* 1973, 363 Mass. 445, 294 N.E.2d 860. Petitioner contends that *Todisco* should not be followed because it was wrongly decided and that, in any event, this Court is not bound by it. I do not reach these contentions because it is clear that the facts of this case are distinguishable from those of *Todisco.* In *Todisco* there was simply an affidavit and a search warrant. The affiant executed the warrant and when faced with an ambiguity was able to resolve it based upon the facts in his affidavit. In the instant case the termination date which respondent seeks to have the Court read

into the warrant is contained in the *application* of the assistant district attorney, not in the police officer's *affidavit.* To permit an incorporation of the application in this case would amount to an extension of *Todisco* justified neither by cited authority nor by reference to Fourth Amendment principles. The oft-cited line from *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965) that ". . . affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.", is inapposite in this context and cannot correct the otherwise invalid warrant.

For the foregoing reasons the Court finds the May 10, 1972, warrant to be constitutionally defective. The writ of habeas corpus shall issue unless within ninety (90) days from the date this Order becomes final the Commonwealth shall have begun proceedings to retry the petitioner.

## JUDGMENT

This matter came on for hearing on petitioner's application for writ of habeas corpus and the issues having been duly tried, and a decision having been rendered in a Memorandum and Order filed herewith, it is ORDERED, ADJUDGED and DECREED that the writ of habeas corpus shall issue unless within ninety (90) days from the date this Judgment becomes final the Commonwealth of Massachusetts shall have begun proceedings to retry the petitioner.

---

2. It may also be that *Manfredi* is factually distinguished since it was the minimization requirement that was omitted from the order, not the termination date as in this case. Some courts do not regard the absence of minimization instructions as substantial, *see, e. g., United States v. Baynes,* 400 F.Supp. 285, 309 (E.D. Pa.1975).