STATE OF CONNECTICUT *v.* RICHARD J. MASTRIANNI
(2933)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued December 3—decision released December 24, 1985

---

*John P. McKeon,* for the appellant (defendant).

*John M. Massameno,* assistant state's attorney, with whom, on the brief, was *Frank A. Iannotti,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged with three counts of professional gambling in violation of General Statutes § 53-278b and two counts of using a telephone to transmit and receive gambling information in violation of General Statutes § 53-278d (a). The pertinent evidence was derived from court ordered electronic surveillance obtained, under General Statutes § 54-41a et seq., at the request of the state's attorney for the Hartford Judicial District. As a result of information derived from the investigation, search warrants were issued and thereafter the defendant, among others, was arrested. The defendant filed a motion under General Statutes § 54-41m to suppress the contents and fruits of the wiretaps. The court denied this motion. The defendant thereafter pleaded nolo contendere to a substitute information charging him with one count of professional gambling and one count of using a telephone to transmit and receive gambling information and, after imposition of sentence, filed this appeal.

We have carefully considered the defendant's claims and find them to be without merit. The issues raised amount to little more than a wholesale and hypertechnical attack on the procedures set forth in General Statutes § 54-41d concerning the necessary findings which the panel of judges must make before issuing an order authorizing the interception of a wire communication and those requirements established by General Statutes § 54-41e concerning the contents of the statement which must be made by the panel of judges issuing such an order. These statutory provisions represent a carefully constructed part of this state's wiretapping and electronic surveillance law and fully carry out the Gen-

eral Assembly's obvious intent that such procedures protect the rights of targets of such court authorized wiretaps.

The issues raised by the defendant are definitively disposed of by *Moore* v. *United States,* 461 F.2d 1236, 1238 (D.C. Cir. 1972); *State* v. *Ross,* 194 Conn. 447, 456–60, 481 A.2d 730 (1984); *State* v. *Levine,* 5 Conn. App. 207, 209–210, 497 A.2d 774, cert. denied, 197 Conn. 816, 500 A.2d 1337 (1985); *State* v. *Formica,* 3 Conn. App. 477, 480, 489 A.2d 1060, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985).

There is no error.