UNITED STATES of America

v.

Leethaniel VAUGHN, Appellant.

No. 86–3096.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 18, 1987.
Decided Oct. 16, 1987.

Thomas M. O'Malley, Washington, D.C., for appellant.

Sharon A. Sprague, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Helen M. Bollwerk, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before SILBERMAN and D.H. GINSBURG, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM.

Appellant Leethaniel Vaughn challenges the trial court's denial of his motion to suppress evidence found in a search of his vehicle. Vaughn attacks the validity of the search on two grounds. First, he argues that the search warrant did not describe the place to be searched with sufficient particularity. Second, appellant argues a lack of probable cause to issue the warrant. We reject appellant's arguments and affirm the district court.

On May 30, 1986, police searched a vehicle driven by Vaughn and recovered a quantity of cocaine and a sum of money. Following a trial by jury, Vaughn was convicted of possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a) (1982).

The search was made pursuant to a warrant that described the vehicle to be searched as "a Blazer 4X4 2 door Black in color with tinted windows bearing Maryland tags." Vaughn asserts that insofar as neither the model year, the license number, nor other distinguishing features of the vehicle were included in the description, the warrant does not describe the place to be searched with sufficient particularity to meet the requirements of the Fourth Amendment.

The warrant in question was accompanied by an affidavit that was incorporated by reference into the warrant. Thus, the description on the face of the warrant must be read in conjunction with descriptions contained within the affidavit. "[T]he warrant may properly be construed with reference to an affidavit for purposes of sustaining the particularity of the premises to be searched, provided (1) the affidavit accompanies the warrant, and in addition (2) the warrant uses 'suitable words of reference' which incorporate the affidavit by reference." *Moore v. United States*, 461 F.2d 1236, 1238 (D.C.Cir.1972); *accord United States v. Thompson*, 495 F.2d 165, 170 (D.C.Cir.1974). The affidavit states that appellant ran a drug distribution network from the 13th Street Variety Store ("Variety Store"), that the Blazer was owned by appellant, and that the Blazer was used by appellant to deliver drugs. The affidavit fairly implies that the search was limited to a Blazer owned by appellant and located in the vicinity of the Variety Store.[1] In fact, the Blazer was found within two hundred feet of the store very shortly after the issuance of the warrant.

■ "Under the Fourth Amendment a search warrant sufficiently describes the place to be searched if 'the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.'"

*Moore*, 461 F.2d at 1238 (quoting *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925)). This requirement certainly would have been met if the warrant had included the license plate number of the Blazer. A vehicle search warrant ordinarily should include the license plate number on its face, but when this is not practicable a detailed description of the vehicle or a narrow geographical limit to the search may provide the requisite check on police discretion.

Read with the affidavit, the warrant in this case provided both of these limitations, stating the body style, color,[2] window type, state of registration, and owner, along with an approximate location. The reference to location implicitly directed the officers to the vicinity of the store. When judging questions of particularity, "[w]e are concerned with realities of administration of criminal justice. It is sufficient if the warrant signed by the judicial officer is particular enough if read 'with reasonable effort' by the officer executing the warrant." *Moore*, 461 F.2d at 1238. In this case, we think that the warrant's description of the vehicle was particular enough, and so we affirm the trial court's denial of Vaughn's motion to dismiss on this ground.

■ Appellant also argues that the search warrant is invalid because the information describing the Blazer was obtained from an "unreliable informant" (Brief for Appellant at 8–9) and therefore there was no probable cause for the magistrate to issue the warrant. The test for determining whether an affidavit sets forth facts establishing probable cause is found in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before

---

1. We do not consider the question of whether the warrant would have authorized a search of appellant's Blazer outside of the immediate vicinity of the 13th Street Variety Store.

2. Appellant argues that the Blazer was black and gray. An officer who helped execute the warrant testified that the vehicle was "a dark,

black blazer." Joint Appendix 60a. Even if we accept appellant's description as accurate, however, such a minor variance between the description in the warrant and the object searched does not invalidate the warrant. *See* 2 W.R. LaFave *Search & Seizure* at 225–26 (1987) (citing cases).

him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

The affidavit refers to a "Source of Information" who claimed to have been in the Variety Store within thirtysix hours before the warrant was issued. That Source claimed to have seen a quantity of heroin within the store and claimed that appellant used his Blazer to deliver heroin. Because the affidavit made no claims about the reliability of the Source of Information, appellant argues that the magistrate had no basis for finding probable cause that drugs would be found in the Blazer.

The affidavit, however, contains several indicia of reliability that justify the magistrate's crediting the Source of Information's story. The magistrate had before him strong indications that Vaughn was running a drug distribution network from the Variety Store. An informant designated "S-1" in the affidavit, who was known by the affiant to be reliable, had so advised the police. And a police surveillance team that observed drug runners depart from the vicinity of the Variety Store further confirmed the existence of the drug operation. The Source of Information's statement regarding the presence of heroin in the Variety Store was, therefore, amply corroborated. The Supreme Court has "consistently recognized the value of corroboration of details of an informant's tip by independent police work." *Illinois v. Gates*, 462 U.S. at 241, 103 S.Ct. at 2334. That the Source of Information had accurate information about appellant's drug operation made it more likely that the Source of Information was also correct about the presence of drugs in the Blazer. " '[B]ecause an informant is right about some things, he is more probably right about other facts....' " *Id.* at 244, 103 S.Ct. at 2335 (citation omitted).

Moreover, S-1, the informant known to be reliable, stated that vehicles located in the vicinity of the Variety Store were used to store drugs. This partially corroborated the Source of Information's statement that appellant used a particular vehicle, the Blazer, in his drug operation. Finally, the Source of Information claimed to have been inside the Variety Store within thirty-six hours prior to the issuance of the warrant and claimed to have seen heroin in the store. This statement indicated that the Source of Information had firsthand information about appellant's drug operation, and so increased the probability that the Source of Information had accurate information about appellant's use of his Blazer. *See United States v. Laws*, 808 F.2d 92, 101 (D.C.Cir.1986).

■ In judging a magistrate's finding of probable cause, "[a] deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Massachusetts v. Upton*, 466 U.S. 727, 733, 104 S.Ct. 2085, 2088, 80 L.Ed.2d 721 (1984). Applying the "totality-of-the-circumstances" analysis of *Illinois v. Gates*, we believe that in light of the mutually supporting nature of the statements made by the reliable informant and the Source of Information, "the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. at 238–39, 103 S.Ct. at 2332 (citation omitted). It follows that the evidence seized during the search of appellant's Blazer was admissible at his trial. His conviction is accordingly

*Affirmed.*