UNITED STATES of America, Plaintiff,

v.

**Steven Donnell PARKER,
et al., Defendants.**

**Crim. Nos. 92–27–01 (CRR) through
92–27–04 (CRR).**

United States District Court,
District of Columbia.

April 21, 1992.

28

Jay B. Stephens, U.S. Atty., District of Columbia and William Lawler, Asst. U.S. Atty., District of Columbia, for U.S.

Mitchell M. Seltzer, Washington, D.C., for Steven D. Parker.

Shawn Moore, Washington, D.C., for Christopher L. Lewis.

Michael J. McCarthy, Bowie, Md., for Linwood D. Lewis.

David C. Woll, Washington, D.C., for Zeb Anthony Murray.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

Defendants Steven Parker, Christopher Lewis and Linwood Lewis have moved to suppress physical evidence seized by members of the Sixth Division of the Vice Squad of the Metropolitan Police Department upon the execution of a search warrant at the premises of 233 51st Street, N.E. in Washington, D.C. The Defendants Steven Parker, Zeb Murray and Linwood Lewis have also moved for a severance pursuant to Fed.R.Crim.P. 14 and for the disclosure of the identity of the confidential informant. The Government opposes these Motions. The Court heard testimony and oral argument on the aforementioned Motion on April 16, 1992. Upon consideration of the pleadings, the record herein, and the applicable law, the Court shall deny the Defendants' Motions. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law as required by Fed.R.Crim.P. 12(e). *See United States v. Williams*, 951 F.2d 1287 (D.C.Cir. 1991).

Before addressing the Defendants' respective Motions, the Court must establish the factual context of the search and the subsequent arrests of the Defendants. On December 19, 1992, between 8:00 p.m. and 8:30 p.m., police officers executed a search warrant at 233 51st Street N.E., the address indicated upon the face of the warrant. The undisputed testimony indicates that the warrant was based upon information supplied by a paid confidential informant. This confidential informant participated in a "controlled buy" of the drugs, *i.e.*, a purchase supervised by members of the Metropolitan Police Department, within 72 hours prior to the date on which the warrant was issued. The warrant issued with the approval of a Judge in the Superior Court for the District of Columbia.

Sergeant Sledge, one of the supervisors on the team of police officers executing the warrant in this case, testified that he pounded upon the front door of 233 51st Street, N.E. three times and loudly announced the presence of the officers and

their intention to execute the warrant. When there was no response, Sergeant Sledge again pounded upon the door and announced the officers' intention to execute the warrant. Again there was no response. Sergeant Sledge then began to count in intervals of "one: one thousand," "two: one thousand." Although he usually counts to "fifteen: one thousand" before ordering the use of a battering ram to open the door, Sergeant Sledge testified that he stopped counting at "nine: one thousand" in this case because he heard noises from inside the house and the sound of running up the stairs. The Sergeant also testified that he heard a woman inside of the residence yelling "police." At this point, Sergeant Sledge gave the order to ram the door. After two to three seconds elapsed, the officers proceeded to knock down the door. All of the Defendants were inside of the house at the time the police entered.

Ms. Joyce Lewis, an occupant of the premises and the mother of two of the Defendants, offered contradictory testimony. Ms. Lewis testified that she was in her first floor bedroom at the time she heard a boom against the door. She did not hear any knocking nor did she hear any other announcements from the outside. The Court did not find Ms. Lewis to be a very credible witness, however, for the reasons discussed later in this Opinion.

Upon executing the warrant, Sergeant Sledge saw one of the Defendants running up the stairs. The police immediately went up the stairs and discovered each of the named Defendants in various locations in the upstairs portion of the residence. The police recovered a quantity of crack cocaine from the toilet and another quantity of crack cocaine from a bedroom. The police also recovered a .9 mm semi-automatic gun with an obliterated serial number, some ammunition and some mail bearing the names of the Defendants Steven Parker and Christopher Lewis in the upstairs bedroom where the cocaine base was located.

The Defendants seek to exclude all of the physical evidence recovered by the police on various grounds. Due to a discrepancy in the color of the front door of the premises described in the warrant[1], the Defendants contend that the warrant lacks particularity and does not establish probable cause to believe that criminal activity was in progress at 233 51st Street, N.E. The Court must deny the defendants' Motion to Suppress on these grounds. First, based upon the Court's review of Defendants' Exhibits 1–5, the Court finds that the discrepancy in color is not as dramatic as the Defendants contend. The color of the front door at 233 51st Street, as displayed by Defendants' Exhibits 1–5, could easily be mistaken for an orange-brown earthy tone. It is entirely possible that an officer executing a search warrant after 8:00 p.m. in December would not pay close attention to the color of the door and would not notice this alleged discrepancy.

Second, any slight discrepancies in the description of the premises do not invalidate the warrant because the officers executed the warrant according to the address which was clearly marked on the face of the warrant itself. All that the Fourth Amendment requires is that the officer know the place to be searched with sufficient particularity for purposes of making an accurate identification. That requirement is easily met when, as here, the address of the premises was clearly visible to any passer-by and when the officers searched the premises bearing the same address listed on the warrant. Moreover, as Sergeant Sledge testified, Officer Copeland, who witnessed the controlled buy performed by the confidential informant at the premises, led the team executing the warrant to the premises. *See United States v. Dorrough*, 927 F.2d 498 (10th Cir.1991) (discrepancies in description of the number of outbuildings and the location of a wood frame do not invalidate the warrant when other reliable identifying information is present); *United States v. Vaughn*, 830

1. Defendants stress the fact that the residence located at 233 51st Street had a distinctly brown door, and did not have an orange door, as described in the warrant and accompanying affidavit. Defendants also contend that the front door of the next house in the subdivision, 235 51st Street, did have a distinctly orange door.

**30**

F.2d 1185, 1186 (D.C.Cir.1987) (warrant describing a "Blazer" vehicle, without containing the number of the license plate, was sufficiently particular when the color, owner and likely location were identified).

The Defendants also contend that the Superior Court Judge did not have a sufficient basis upon which to find probable cause for the issuance of the warrant. Specifically, the Defendants complain that the warrant and the accompanying affidavit do not provide a sufficient basis upon which the Superior Court Judge could determine the reliability of the information provided by the confidential informant. This contention also lacks merit. The warrant and accompanying affidavit explain that the confidential informant is a source of well-known reliability to the police department. Moreover, the informant participated in a controlled buy at the premises prior to the execution of the warrant under the supervision of the police. Although the officer supervising the controlled buy, Kevin Copeland, did not testify at the Hearing before this Court, this is not dispositive. The question before this Court is whether, based on the record before the Superior Court Judge, the Judge had a sufficient basis upon which to issue the warrant. Clearly, the facts alleged in the warrant and the accompanying affidavit provided the Judge with a sufficient basis to find probable cause. In fact, *United States v. Allen*, 960 F.2d 1055, 1055 (D.C.Cir.1992), addresses this question in a factual scenario very similar to the instant case. As in the *Allen* case, a single purchase by a confidential informant within 72 hours of the issuance of the warrant does furnish the Judge with a sufficient basis for probable cause determination. *See generally United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) (courts should adopt a common sense standard and when a doubt exists, should resolve dispute in favor of the Magistrate's determination). Finally, even assuming arguendo that the warrant did not contain sufficient indicia to establish probable

cause, the Defendants do not persuasively dispute the Government's contention that the officers executing the warrant relied upon the warrant in good faith. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The Defendants also seek to suppress the evidence due to the police officers' failure to comply with 18 U.S.C. § 3109, the knock-and-announce statute.[2] Because the Court finds the testimony of the Government's witness, Sergeant Sledge, far more credible than the testimony of Ms. Lewis in this regard, the Court shall deny the Defendants' Motion to Suppress for failure to knock and announce. Ms. Lewis, as the mother of two of the Defendants, clearly has a vested interest in testifying in favor of the Defendants' position. Moreover, the cross examination at the April 16, 1992 Hearing established a sufficient basis upon which to question Ms. Lewis' ability and opportunity to observe and to hear the events transpiring upon the execution of the warrant. At the time of the incident, Ms. Lewis was inside of her bedroom with the door closed and the television turned on. She was tired and was taking various medications. Sergeant Sledge, on the other hand, has vast experience in executing search warrants, had a clear opportunity to observe all relevant events and has no particular motive to shade his testimony.

Sergeant Sledge's testimony demonstrates the officers' compliance with the knock and announce statute. The testimony illustrates that the officers did announce themselves and their intention to execute the warrant. The evidence also indicates that Sergeant Sledge and his team waited at least nine (9) seconds before ordering the use of the battering ram. Given Sergeant Sledge's repeated knocking and announcing, the length of time that had elapsed, the warning yell from a woman inside of the house and the sounds of

---

**2.** 18 U.S.C. § 3109 provides that "[t]he officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance."

footsteps running away from the door,[3] the Court finds that the officers were refused admittance and had a valid basis upon which to gain entry by force. *See United States v. Bonner*, 874 F.2d 822, 824 (D.C.Cir.1989) (citations omitted); *United States v. Wood*, 879 F.2d 927, 932–33 (D.C.Cir.1989).

Defendants Parker, Linwood Lewis and Zeb Murray claim that a severance is warranted in light of an alleged disparity of evidence supporting the charges against the various Defendants. According to these Defendants, a joint trial would be prejudicial due to the likelihood that the overlapping charges would confuse the jury. Defendants also claim that there is a *possibility* that a *Bruton* problem might arise if separate trials are not conducted. Upon consideration of the claims, the Court must deny the Defendants' Motion for a Severance.

■ In evaluating requests for severance, courts usually strike the balance in favor of joint trials. *See United States v. Gibbs*, 904 F.2d 52, 56 (D.C.Cir.1990); *United States v. Manner*, 887 F.2d 317, 324 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990). Given the factual circumstances in this case, the Government is likely to present the same evidence and the same witnesses in support of the drug charges against each of the Defendants. Moreover, in this case, the evidence is not so disparate that any of the Defendants would be prejudiced merely by association in the same courtroom. *See United States v. Bruner*, 657 F.2d 1278 (D.C.Cir.1981) (must be a "dramatic" difference in the evidence such that a joint trial would be "far more damaging" to one Defendant). All of the Defendants are charged with drug offenses, and the Government must prove that each Defendant possessed the drugs and had the requisite intent to distribute them. The fact that two of the Defendants, Steven Parker and Christopher Lewis, are also charged with violations of the firearm laws does not, in itself, unfairly prejudice the remaining Defendants. The Court's jury instructions could cure any potential confusion. It is not "unreasonable to expect a jury to compartmentalize the evidence [against each defendant]." *Gibbs*, 904 F.2d at 56; *see Manner*, 887 F.2d at 324 ("jury instructions are usually sufficient to minimize any disparities in evidence"). In short, Rule 14 does not require a severance "merely because a Defendant 'might have a better chance of acquittal if tried separately.'" *United States v. Wright*, 783 F.2d 1091, 1095 (D.C.Cir.1986) (quoting *United States v. Wilson*, 434 F.2d 494, 501 (D.C.Cir. 1970)).

■ Defendants Linwood Lewis, Zeb Murray and Steven Parker also seek disclosure of the name, address and history of government cooperation of any confidential informants or unindicted co-conspirators. The Court shall deny this Motion. Under *Roviaro v. United States*, 353 U.S. 53, 59–62, 77 S.Ct. 623, 627–29, 1 L.Ed.2d 639 (1957), the Court must balance the Defendant's need for disclosure to ensure a fair trial with the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes. As the Government points out, the Defendants do not (and cannot) allege that the confidential informant is essential to their defense. The informant played no role in the execution of the search warrant, which, in turn, led to the arrest. *See United States v. Freeman*, 816 F.2d 558, 562–63 (10th Cir. 1987) (no disclosure required when informant not participant in transaction leading to defendant's arrest and defendant failed to establish relevance); *United States v. Burrell*, 720 F.2d 1488, 1494 n. 8 (10th Cir.1983) (no duty to disclose when informant neither participant in, nor witness to, crime).

Finally, the Defendants ask the Government to provide notice of its intention to use Rule 404(b) evidence. Defendants also ask the Government to turn over all exculpatory evidence. At the April 16, 1992

---

3. Although Sergeant Sledge testified that he could not with certainty identify the actual location of the footsteps, he was reasonably sure that the footsteps did not indicate a movement toward the front door.

**32**

Hearing, the Government represented that it has no intention to use Rule 404(b) evidence. Moreover, the Government also represented that it is not aware of any exculpatory evidence at this time. Thus, the Defendants' Motion for the release of any exculpatory or Rule 404(b) evidence is moot. However the Government remains obligated to advise the Defendants if and when it ascertains that such evidence will be offered at trial.

Accordingly, it is, by this Court, this 21 day of April, 1992,

ORDERED that, for the reasons expressed in the foregoing Memorandum Opinion, the Motions of Defendants Linwood Lewis, Christopher Lewis and Steven Parker to Suppress Physical Evidence shall be, and hereby are, DENIED; and it is

FURTHER ORDERED that the Motions of the Defendants Steven Parker, Zeb Murray and Linwood Lewis to Sever shall be, and hereby are, DENIED, as the interests of judicial economy outweigh any need for separate trials in the above-captioned case; and it is

FURTHER ORDERED that the Motions for Disclosure of Confidential Informant by Defendants Linwood Lewis, Zeb Murray and Steven Parker shall be, and hereby are, DENIED as the Defendants have not shown that revealing the identity of the informant is critical to the defense; and it is

FURTHER ORDERED that the Defendants' Motions for Production of Exculpatory Evidence and Rule 404(b) Evidence shall be, and hereby are, deemed MOOT, given the Government's representation at the Hearing that any such evidence shall be produced, if and when it becomes available.